UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
UNITED STATES OF AMERICA,    :
                :
      Plaintiff-Respondent,  :
                :    12-CR-340 (VSB)
      -against-       :
                :    **OPINION & ORDER**
LATANYA PIERCE,        :
                :
      Defendant-Petitioner. :
                :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/2021

VERNON S. BRODERICK, United States District Judge:

    Currently before me is Defendant Latanya Pierce's writ of coram nobis, filed pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to vacate the amended forfeiture and restitution obligations entered against her, (Doc. 257) ("Restitution Order"), on the grounds that the district court lacked subject matter jurisdiction to enter the Restitution Order. Because the Petition does not describe a fundamental error that rendered the proceeding irregular and invalid, Pierce's Petition is DENIED.

    **I.**  **Background and Procedural History**

    After trial in 2013, Defendant Latanya Pierce ("Pierce") was convicted on all three counts filed against her for her involvement in a conspiracy to defraud financial institutions through residential mortgage loan applications. When Pierce was sentenced on May 28, 2014, the presiding judge told her that, in addition to incarceration, she would be subject to "an order of forfeiture" and restitution, as had been "discussed already many times," in an "amount [to] be determined at a later time." (Sentencing Tr. at 99–100.) On appeal, Pierce raised issues

including that she should have been allowed to submit the amount of her forfeiture obligation to the jury, and she incorporated all arguments raised on appeal by her co-defendant, *United States v. Abakporo*, No. 14-1945-cr(L), Dkt. No. 82 (2d Cir. June 15, 2015), who, in supplemental briefing, argued that forfeiture and restitution were improper, *United States v. Abakporo*, No. 14-1945-cr(L), Dkt No. 120 (2d Cir. July 29, 2015). All of Pierce's and her co-defendant's appellate arguments were rejected. *United States v. Abakporo*, 649 F. App'x 117 (2d Cir. May 23, 2016). Pierce subsequently sought to vacate her conviction pursuant to 28 U.S.C. § 2255, including on the basis of the supposed impropriety of restitution and forfeiture, and again she was denied. *Pierce v. United States*, 16cv7669, 2020 WL 2765091 (S.D.N.Y. May 28, 2020).

## II.     Legal Standard

The writ of error coram nobis is an "extraordinary remedy" that "issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). It is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014). The writ serves as "a remedy of last resort," *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (internal quotation marks omitted), "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid," *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted). A court faced with a coram nobis petition "must presume that the proceedings were correct," rendering the burden on a coram nobis petitioner "a heavy one." *Rutigliano*, 887 F.3d at 108 (internal quotation marks omitted). The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and alterations omitted). To obtain coram nobis relief, a

petitioner must establish that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Rutigliano*, 887 F.3d at 108 (internal quotation marks omitted).

### III. Discussion

Pierce fails to show fundamental error. "Not only do the facts she relies on not show fundamental error in the original restitution order warranting wholesale vacatur; they fail to show fundamental error supporting any reduction of restitution." *Rutigliano*, 887 F.3d at 109.

First, despite Pierce's framing the alleged defects in the Restitution Order as "jurisdictional," she does not cite any law to support the proposition that the district court was without subject matter jurisdiction to enter the Restitution Order. According to Pierce, the district court lost its jurisdiction to enter an amount of restitution or forfeiture because it did not make sufficient oral reference to forfeiture during sentencing as required by Federal Rule of Criminal Procedure 32.2(b)(4)(B). However, Pierce does not actually argue that the district court failed to inform her that she would be subject to forfeiture at the time of her sentencing. Nor could she—the district court was clear at sentencing that it would enter an "order of forfeiture, which we discussed already many times," with "the amount [to] be determined at a later time." (Sentencing Tr. at 99–100.) Rather, she argues that the "oral pronouncement . . . did not include the forfeiture of any specific property" or any "specific amount" of money. (Doc. 349 at 7.) Pierce cites no law suggesting that a district court must provide this specificity, perhaps because that is not the law. While "the Mandatory Victims Restitution Act requires courts to 'set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing,'" *United States v. Harris*, 813 F. App'x 710, 713 (2d Cir. 2020) (quoting 18 U.S.C. § 3664(d)(5)),

3

even a delay of "more than fifteen months" is permitted, *id.* "[A] sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 560 U.S. 605, 608 (2010). The judgment against Pierce states that the "determination of restitution is deferred." (Doc. 226 at 4). Thus, Pierce received "clear[] indicat[ion] prior to the expiration of the 90-day period" that the only open question was the amount she would pay. *Harris*, 813 F. App'x at 713.

      Second, Pierce argues that her filing of a notice of appeal deprived the district court of jurisdiction to enter the Restitution Order when it did, but the case she cites for this proposition does not support her argument. But the case she cites only addresses, in dicta, whether an appellate court lacked jurisdiction, and it rejects the argument that jurisdiction was lacking. *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988); *see also, e.g.*, *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989) ("we conclude that the district court had jurisdiction to proceed with [a] trial" during the pendency of an appeal). Indeed, "[t]he divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Salerno*, 868 F.2d at 540). Pierce does not argue that the timing of the Restitution Order was implicated in the appeal, and no party sought to stay proceedings in any court—with regard to the forfeiture or otherwise—during the pendency of the appeal. There is thus no reason for the divesture rule to apply here.

      Moreover, Pierce has failed to show that "circumstances compel[]" that I grant her

petition in order "to achieve justice." *See Rutigliano*, 887 F.3d at 108.  To decide that Pierce had met this standard, I would have to find that, to achieve justice here, Pierce must be allowed to keep the ill-gotten gains from a fraudulent conspiracy for which she was convicted.  Justice does not require this result.  Indeed, the opposite is the case since the victims are entitled to restitution. *See generally Dolan*, 560 U.S. at 613 (stating that the Mandatory Victims Restitution Act's timing requirement "is *primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability," and quoting Senate report stating "justice cannot be considered served until full restitution is made" (alteration and citation omitted)).  This is probably why Pierce's petition nowhere argues why justice would be achieved through her petition.

Finally, I find that Pierce has not stated "sound reasons" why she only now raises these issues here, which is a further reason to deny her petition.  *See Rutigliano*, 887 F.3d at 108.  She claims her tardiness was due to ineffective assistance of counsel at "sentencing" and "on direct appeal," (Doc. 349 at 10), but she does not even bother in her petition to do the proper analysis regarding ineffective assistance of counsel.  *See, e.g.*, *United States v. Melhuish*, __ F.4th __, No. 19-485, 2021 WL 3160083, at *9 (2d Cir. July 27, 2021) (articulating the "two prongs" of the standard, "one focusing on attorney performance and the other on prejudice.").  A bald assertion of ineffective assistance cannot carry Pierce's burden.

As such, Pierce's coram nobis petition is DENIED.

SO ORDERED.

Dated: August 23, 2021
New York, New York

*[signature: Vernon Broderick]*
Vernon S. Broderick
United States District Judge

5