UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*United States of America*

_____

Write the full name of each plaintiff or petitioner.

-against-

*LATANYA PIERCE*

_____

Write the full name of each defendant or respondent.

Application DENIED. The Government is ORDERED to provide an update on the status of the restitution lien by January 13, 2023

*Vernon Broderick*
Vernon S. Broderick
United States District Judge
12/20/2022

Case No. 12 cr 340 (VSB)

**EMERGENCY
NOTICE OF MOTION**

Release of Lien

PLEASE TAKE NOTICE that _____ **LATANYA PIERCE**
plaintiff or defendant          name of party who is making the motion

requests that the Court:
An Order lifting/releasing the lien placed on her property:
located at 575 St. Mark's Avenue, Brooklyn, NY  11216,
pursuant to this Court Order Case No. 1:12-cr-00340(WHP) docket # 270,
Amended Judgment in a Criminal Case dated December 4, 2014.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☒ my own declaration, affirmation, or affidavit

☒ the following additional documents:  EXHIBITS A-D

**11/29/2022**
Dated

**LATANYA PIERCE**
Name

**9424 AVENUE J**
Address

347-690-4498
Telephone Number (if available)

Signature

Prison Identification # (if incarcerated)

**BROOKLYN  NY    11216**
City          State    Zip Code

SUN992@OUTLOOK.COM
E-mail Address (if available)

SDNY Rev: 5/24/2016

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

United States of America

Fill in above the full name of each plaintiff or petitioner.

Case No. 12 CR ev 340 (VSB)

-against-

LATANYA PIERCE

Fill in above the full name of each defendant or respondent.

## DECLARATION

Motion for the Release of the liens on the Property known as 575 St. Mark's Avenue, Brooklyn, NY 11216.

The property is being sold under a "short sale" agreement. Time is of the essence. Pierce will receive no Funds.

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, **LATANYA PIERCE**_____, declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

1. I am the applicant, as such I am fully conversant with the facts of this case.

2. The judgment of the District Court constitutes a lien on movant's property. Attached as Exhibit "A".

3. That the movant's attorney had been constantly calling the Assistant United States Attorney in charge

of her file, Mr. Michael Lockard, but Mr. Lockard has failed and/or neglected to respond to any of the calls

or email from movant's attorney. A letter from Mr. Bigelow, Movant's attorney is attached as Exhibit "B".

5. The lien sought to be lifted and/or released is attached as Exhibit "C".

6. Movant seeks this release to sale this distressed property to a third

who can properly fix the property and put it to better use. The property has ran down

over time as a result of lack of funds to maintain it. The City has placed several
thousand of dollars in violations. The residents of the neighborhood are complaining

about the various dangers the building poses.

7. Ms. Pierce will not receive a penny from the sale of the property because it is a
"short sale" transaction from the bank. A copy of the bank approval, HUD

and commitment to the transaction is attached as Exhibit "D".

8. This request requires the urgent intervention of the Court because the expiration of
the bank's commitment is at hand. If the AUSA had responded to the calls or email and

of movant's attorney this motion would not have been necessary.

9. The approval of the Court is necessary for the transfer of the property from Pierce
(seller) to the Purchaser in an arms length transaction. The parties that will be paid

from the proceeds is the bank, city violations and other closing related fees.

The government will receive nothing, because there is nothing remaining after the bank

takes a substantial part of the fund it approved under the "short sale" agreement.

In light of the foregoing, moves pleads for an urgent intervention of the Court so as

to redeem and secure this closing of 575 St. Mark's Avenue, Brooklyn, NY 11216.

Attach additional pages and documents if necessary.

11/29/2022
Executed on (date)

Signature

LATANYA PIERCE
Name

| | Prison Identification # (if incarcerated) |
|---|---|
| 9424 AVENUE J | BROOKLYN    NY    11216 |
| Address | City    State    Zip Code |
| 347-690-4498 | SUN992@OUTLOOK.COM |
| Telephone Number (if available) | E-mail Address (if available) |

Exhibit A

⚑AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case        (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

### District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| LATANYA PIERCE | Case Number:   S3 12CR00340-02(SAS) |
| | USM Number:   66861-054 |

**Date of Original Judgment:**  September 15, 2014
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

John Burke
Defendant's Attorney

- [ ] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
      ☐ 18 U.S.C. § 3559(c)(7)
- [X] Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

- [ ] pleaded guilty to count(s) _____
- [ ] pleaded nolo contendere to count(s) _____
      which was accepted by the court.
- [X] was found guilty on count(s)   1, 2 & 3 of Superseding Indictment S3 12 CR 340
      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit bank fraud | 2012 | 1 |
| 18 U.S.C. § 1349 | Conspiracy to commit wire fraud | 2012 | 2 |
| 18 U.S.C. §§ 1344 & 2 | Bank fraud and aiding and abetting bank fraud | 2006 | 3 |

The defendant is sentenced as provided in pages 2 _____5_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [X] Count(s)   Original, S1 and S2 Indictments   ☐ is  [X] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 4, 2014
Date of Imposition of Judgment

_____
Signature of Judge

Shira A. Scheindlin, U.S.D.J.
Name and Title of Judge

Date December 4, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/14

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case
            Sheet 2 — Imprisonment                                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___2___ of ___5___

DEFENDANT:          LATANYA PIERCE
CASE NUMBER:        S3 12CR00340-02(SAS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total
term of
THIRTY(30) MONTHS, CONCURRENT ON ALL COUNTS.

X    The court makes the following recommendations to the Bureau of Prisons:

     That defendant be designated to a facility as close to New York City as possible.
     That defendant be designated at a security level as close to the nature of the offense as possible.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____     ☐ a.m.   ☐ p.m.   on _____     .

     ☐   as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     X   before 2 p.m. on   __February 27, 2015*_____   .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on   _____   to   _____

a _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:12-cr-00340-WHP  Document 270  Filed 12/04/14  Page 3 of 5

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
        Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___3___ of ___5___

DEFENDANT:      LATANYA PIERCE
CASE NUMBER:   S3 12CR00340-02(SAS)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term
**THREE (3) YEARS, fully concurrent.**
**1) Defendant shall provide the Probation Department with access to any requested financial information; and**
**2) Defendant shall not incur new credit charges or open additional lines of credit unless the defendant is in compliance with the payment of restitution.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __4__ of __5__

DEFENDANT:      LATANYA PIERCE
CASE NUMBER:    S3 12CR00340-02(SAS)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 300 | $ | $ 2,420,917.64* |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| JPMorgan Chase Bank N.A., successor to Washington Mutual Bank N.A. |  | $36,521.02 |  |
| Sand Canyon Corporation, formerly known as Option One Mortgage Corp. |  | $657,903.60 |  |
| First Magnus Financial Corp. |  | $530,000.00 |  |
| Ina McCarther |  | $1,196,493.02 |  |

| **TOTALS** | $ _____ | $ 2,420,917.64* |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

X  the interest requirement is waived for   ☐ fine   X restitution.

☐  the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __5__

DEFENDANT:        LATANYA PIERCE
CASE NUMBER:      S3 12CR00340-02(SAS)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    X    Lump sum payment of $ __300__    due immediately, balance due

- ☐ not later than _____ , or
- X in accordance with ☐ C, ☐ D, ☐ E, or X F below; or

**B**    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    X    Special instructions regarding the payment of criminal monetary penalties:

Payment of restitution shall be made at the rate of fifteen percent (15%) of defendant's gross monthly earnings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

With Co-Defendant Ifeanyichukwu Eric Abakporo, S3 12 CR 340-01(SAS), for the full amount of $2,420,917.64.*

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
A separate Amended Order of Forfeiture/Money Judgment in the amount of $2,420,917.64 was entered on December 4, 2014. Any amounts forfeited will be deemed to satisfy both the Order of Forfeiture and the Order of Restitution.*

# Exhibit B

From: vcblaw@aol.com,
To: michael.lockard@usdoj.gov,
Cc: latanyapierce@aol.com,
Subject: Latanya Pierce - 575 Saint Marks Avenue, Brooklyn, NY 11216
Date: Wed, Nov 9, 2022 3:19 pm
Attachments: DOC110922-11092022145750.pdf (198K)

Dear Michael, please be advised this law firm is representing Latanya Pierce in the sale of her property located at 575 Saint Marks Avenue, Brooklyn, NY 11216.  Attached is a copy of the short sale approval.  Latanya Pierce will not be receiving any money from the sale.

Please email us a Release for this property so we can schedule the closing as soon as possible.  If there is any additional information you need from us please send us an email.

Thank you.


Luke J. Bigelow, Esq.
Biscardi, Basner & Bigelow, P.C.
Attorneys at Law
116-07 Myrtle Avenue
Richmond Hill, NY. 11418
Tel: 718-297-1717
Fax: 718-297-1794

**From:** omshortsales@gmail.com,
**To:** latanyapierce@aol.com,
**Subject:** 575 St Marks Avenue - Short Sale Approval
**Date:** Wed, Nov 16, 2022 2:56 pm

Dear Latanya,

We are losing the approval to close this short sale. We have tried to contacted Michael Lockard and he has not returned our calls or emails. The title company need the release to close.  Can you kindly assist me in contacting him.

I have attached the title company emails for direct access.
This is in addition to the documents that your attorney Luke Bigelow  Esq. sent to Mr. Lockard, at the time I am writing this Michael Lockard has not responded to your attorney either.

Time is of the essence.


Oscar Orrego
General Manager
Cell: 469-831-9066
Email: omshortsales@gmail.com

# Exhibit C

DataTrace

# Judgment Docket & Lien Information:

Judgment Docket - Control Number 003017454 - 01

For PIER LAT, PIERCE LA in KINGS COUNTY

### Docketing Data

| | |
|---|---|
| Docketing Date | 5/14/2012 |
| Docketing Time | 09:30 |
| Effective Date | 5/14/2012 |
| Effective Time | 10:23 |
| Clerk / Seq # | CBUTLER 011 |

### Source Document

| | |
|---|---|
| Type | J - JUDGMENTS |
| County | 24 - KINGS |
| Court | S - SUPREME COURT |
| Total Debtors | 01 |
| Index # | 10031 12 |

### Debtor / Corporation

| | | | |
|---|---|---|---|
| Name | PIERCE, LATANYA | Type | I |
| Address | 356 MARCUS GARVEY BLVD | | |
| City | BK NY | Zip Code | 11221 |
| Occupation | | | |

### Creditor

| | | | |
|---|---|---|---|
| Name | UNITED STATES OF AMERICA | Type | C |
| Address | 500 PEARL ST | | |
| City | NY NY | Zip Code | 10038 |

### Creditor Attorney

| | | | |
|---|---|---|---|
| Name | PREET BHARARA ESQ | Type | C |
| Address | | | |
| City | | Zip Code | |

Amount - $500,000.00

### Satisfaction Data

| | |
|---|---|
| Type | Sheriff's Execution |
| Date | Operator ID |

Download Date: 5/14/2012

Remarks

No Remarks

Judgment Docket – Control Number 003017455 – 01

For PIER LAT, PIERCE LA in KINGS COUNTY

### Docketing Data

| | |
|---|---|
| Docketing Date | 5/14/2012 |
| Docketing Time | 09:30 |
| Effective Date | 5/14/2012 |
| Effective Time | 10:25 |
| Clerk / Seq # | CBUTLER 012 |

### Source Document

| | |
|---|---|
| Type | J - JUDGMENTS |
| County | 24 - KINGS |
| Court | S - SUPREME COURT |
| Total Debtors | 01 |
| Index # | 10030 12 |

### Debtor / Corporation

| | | | |
|---|---|---|---|
| Name | PIERCE, LATANYA | Type | I |
| Address | 9424 AVENUE J | | |
| City | BK NY | Zip Code | 11236 |
| Occupation | | | |

### Creditor

| | | | |
|---|---|---|---|
| Name | UNITED STATES OF AMERICA | Type | C |
| Address | 500 PEARL ST | | |
| City | NY NY | Zip Code | 10038 |

### Creditor Attorney

| | | | |
|---|---|---|---|
| Name | PREET BHARARA ESQ | Type | C |
| Address | | | |
| City | | Zip Code | |

### Satisfaction Data

| | |
|---|---|
| Type | Sheriff's Execution |
| Date | Operator ID |

Amount - $500,000.00

Download Date: 5/14/2012

Remarks

No Remarks

Judgment Docket - Control Number 003554235 - 02

For PIER LAT, PIERCE LA in KINGS COUNTY

### Docketing Data

| | |
|---|---|
| Docketing Date | 10/6/2016 |
| Docketing Time | 11:25 |
| Effective Date | 10/6/2016 |
| Effective Time | 14:27 |
| Clerk / Seq # | CBUTLER 006 |

### Source Document

| | |
|---|---|
| Type | J - JUDGMENTS |
| County | 24 - KINGS |
| Court | S - SUPREME COURT |
| Total Debtors | 02 |
| Index # | 5998 16 |

### Debtor / Corporation

| | |
|---|---|
| Name | PIERCE, LATANYA  Type          I |
| Address | PO BOX 312504 |
| City | JAMAICA NY        Zip Code |
| Occupation | |

### Creditor

| | |
|---|---|
| Name | NYS DIV HOUSING& COMMUNITYRENEWAL  Type     C |
| Address | 92 31 UNION HALL ST |
| City | QUEENS NY         Zip Code |

### Creditor Attorney

| | |
|---|---|
| Name | MARK PALOMINO DIV HOUSING COMMUNITY REN  Type   C |
| Address | 92 31 UNION HALL ST 6TH FL |
| City | JAMAICA NY         Zip Code 11433 |

Amount - $5,500.00

### Satisfaction Data

| | |
|---|---|
| Type | Sheriff's Execution |
| Date | Operator ID |

Download Date: 10/6/2016

Remarks

No Remarks

## FEDERAL LIEN, OTHER

| Instrument | | | | | |
|---|---|---|---|---|---|
| Document ID | 2016061700504017 | CRFN | | 2016000252914 | Instr | FTL |
| Amount | $0.00 | Recorded | | 07/25/2016 | Entered | |
| File No | | Orig File No | | | Collateral | |
| Boro | Kings | Assessment Date | | | RPTT# | 0 |

| Parcel Information | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Boro | Block | Lot | Easement | Partial | Prop Type | Air Rights | Subterranean Rights | Prop Address | Unit |

| Name Type | Name |
|---|---|
| 1 | PIERCE, LATANYA |
| Address: | 9424 AVENUE J BROOKLY, NY 11236 |
| 2 | DEPT OF JUSTICE U.S. ATTORNEY"S OFFICE. |
| Address: | 86 CHAMBERS STREET NEW YORK, NY 10007 |
| 2 | DEPT OF JUSTICE U.S. ATTORNEY"S OFFICE. |
| Address: | 86 CHAMBERS STREET NEW YORK, NY 10007 |

| Remarks |
|---|

| References | | |
|---|---|---|
| CRFN | Doc ID | File Number |



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2016061700504017002E38E1

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 2 |
|---|---|---|
| **Document ID: 2016061700504017** | Document Date: 12-04-2014 | Preparation Date: 06-21-2016 |
| Document Type: FEDERAL LIEN, OTHER | | |
| Document Page Count: 1 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| DEPT OF JUSTICE | DEPT OF JUSTICE |
| U.S. ATTORNEY'S OFFICE | U.S. ATTORNEY'S OFFICE |
| 86 CHAMBERS STREET | 86 CHAMBERS STREET |
| NEW YORK, NY 10007 | NEW YORK, NY 10007 |
| 212-637-2812 | 212-637-2812 |
| USANYS.LIENS@USDOJ.GOV | USANYS.LIENS@USDOJ.GOV |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|

Property Type:

### CROSS REFERENCE DATA

CRFN_____ _or_ DocumentID_____ _or_ _____ Year____ Reel____ Page____ _or_ File Number_____

### PARTIES

| DEBTOR: | SECURED PARTY: |
|---|---|
| LATANYA PIERCE | DEPT OF JUSTICE U.S. ATTORNEY'S OFFICE. |
| 9424 AVENUE J | 86 CHAMBERS STREET |
| BROOKLY, NY 11236 | NEW YORK, NY 10007 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 40.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed        07-25-2016 14:10
City Register File No.(CRFN):
2016000252914

*City Register Official Signature*



RECORDING REQUESTED BY
UNITED STATES ATTORNEY
WHEN RECORDED RETURN TO:

UNITED STATES ATTORNEY
FINANCIAL LITIGATION UNIT
86 CHAMBERS STREET
NEW YORK, NY 10007

| For Optional Use By Recording Office |
|---|

DEPARTMENT OF JUSTICE
NOTICE OF LIEN FOR FINE
AND/OR RESTITUTION
IMPOSED PURSUANT TO THE
ANTI-TERRORISM AND
EFFECTIVE DEATH PENALTY
ACT OF 1996

UNITED STATES ATTORNEY'S OFFICE FOR            JUDGMENT NUMBER
THE SOUTHERN DISTRICT OF NEW YORK

Notice is hereby given of a lien against the property of the defendant named below. Pursuant to Title 18, United States Code, §3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person ordered to pay restitution. Pursuant to §3613(d), a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to §3613(b).

Name of Defendant: **Latanya Pierce**

Residence:  **9424 Avenue J  Brooklyn, New York 11236**

Amount of Judgment: **$2,420,917.64**

Court Imposing Judgment: **United States District Court Southern District of New York**

Court Number: **12 CR 00340 (SAS)**

Date of Judgment:  **December 4, 2014**

Date of Entry of Judgment: **December 4, 2014**

Rate of Interest: **0%**

If payment becomes past due, penalties totaling up to 25 percent of the principal amount past due may arise. 18 U.S.C. §3612(g).

**IMPORTANT RELEASE INFORMATION**--The lien listed above shall terminate the later of 20 years from entry of judgment or 20 years after the above-referenced defendant's release from imprisonment, or upon the death of the defendant or until the liability is satisfied, remitted, or set aside. 28 U.S.C. §3613(b).

Place of Filing:      Kings
                    NAME OF COUNTY
     I CERTIFY, That the foregoing is a correct Abstract of the Judgment duly registered by this Court.

                    Dated, New York, New York _____ 2016

                         RUBY J. KRAJICK, Clerk
                    or Richard Wilson or John Gencarello, Clerk

**SEAL**

February 1, 2016

Latanya Pierce

575 Saint Marks Avenue
Brooklyn  NY  11216

231
MO
4772112738
SIMPLEX
SS001
20221013_0613_010EKGZC2IWTWA2

20221012

*NCP_COVER*

# Exhibit D

4772112738 NO


CENTRAL LOAN ADMINISTRATION & REPORTING

October 12, 2022

*Note: Please ensure the Settlement Agent is provided
with a copy of this letter*

Latanya Pierce
*
575 Saint Marks Avenue
Brooklyn NY 11216

**Qualified Written Requests, notifications of error, or requests for
information concerning your loan must be directed to: PO Box
77423, Ewing, NJ 08628**

RE: Loan Number: 4772112738
Property Address: 575 Saint Marks Ave
Brooklyn NY 11216

Dear Customer:

Thank you for contacting us about your mortgage. You have been approved for a Short Sale, which is a process where we agree to accept less than the full amount due on the above referenced mortgage loan in connection with the sale of the mortgaged property. This approval relates only to the contract of sale between 2065 E 54th St Holdings LLC (the "Buyer"), and the borrower(s) as seller (the "Seller").

**Once signed by you, this approval letter will constitute an agreement between you and  Central Loan Administration & Reporting ("Agreement"), therefore, please read it carefully and completely before you accept.** You may wish to consult with an attorney or seek other advice prior to accepting. In addition, proceeding with this transaction may have implications on your state or federal tax liability; you are therefore encouraged to consult a tax advisor for additional information.

You may request changes to the terms and conditions in this letter in writing however any changes will not be effective until approved by Central Loan Administration & Reporting in writing.

If your account is in an existing loss mitigation option, the terms of that option will remain in effect until you qualify for and accept a new offer, cancel that option, or fail to perform under the terms of the existing option. If you have any questions, please contact us at 800-242-7178.

**QUESTIONS? CONTACT US**

Central Loan Administration & Reporting
**Phone: 800-242-7178**
**Email Address: liquidations@loanadministration.com**
**Website: https://www.loanadministration.com**

**Short Sale Agreement Terms and Conditions:**

1. The closing (settlement) date and funding must occur on or before 11/30/2022. TIME IS OF THE ESSENCE, if the closing does not occur on or before that date this Agreement is automatically terminated and our offer is withdrawn unless extended in writing by us. Please note a delay in the closing date may change the amounts set forth below and may require a revised approval letter.

SS001 038 SRR MO

2. The sale transaction must be closed in accordance with the contract of sale previously approved by us as follows:
Sales Price $925,000.00
Real Estate Commission to be paid $55,500.00
Cash Contribution $0.00
Payoff of other liens (not to exceed) $0.00
Taxes & Closing Costs (not to exceed) $96,111.71
Relocation Assistance $0.00
Other approved deductions (not to exceed) $0.00
**Net Sales Proceeds (not less than) $773,388.29**

3. Neither the Seller nor the Buyer is to receive any funds or commissions from the sale of the   mortgage premises, unless approved by us and reflected on the HUD-1 and/or Closing Disclosure.

4. The Short Sale Affidavit, sent separately from this letter, is to be completed and properly executed.

**Note:** If the closing law firm or settlement agent is prohibited by law from signing the short sale affidavit, the closing law firm or settlement agent must submit an agreement stating they will not act as the closing agent on a subsequent transaction involving the subject property within one year of the closing of this short sale transaction.

5. The acceptance by Central Loan Administration & Reporting of the Net Sale Proceeds shown above may be conditioned on the Seller contributing an amount to reduce the current outstanding balance.  If a contribution is required it must be in the form of the following and in the amount indicated:

**PROMISSORY NOTE\* IN THE AMOUNT OF $0.00**
**CASH CONTRIBUTION IN THE AMOUNT OF $0.00**

\*If a Promissory Note is required it is enclosed.

6. There are to be no further adjustments to the Sales Price or Net Sale Proceeds except as approved by Central Loan Administration & Reporting in writing.

7. Prior to releasing any funds to the holder of subordinate liens/mortgages, the Settlement Agent must obtain a written commitment from the subordinate lien holder that it will release the Seller  from all claims and liability relating to the subordinate lien in exchange for receiving the agreed upon payoff amount.

8. Seller hereby waives any and all claims or rights to any escrow/impound funds, buydown funds, refunds from prepaid expenses and/or trailing proceeds from any filed insurance claims.  Seller further  agrees that any such funds may be retained by Central Loan Administration & Reporting and applied as additional recovery towards the Short Sale loss. If total proceeds exceed the amount that would have satisfied the loan in full, such surplus funds will be returned to the Seller.

9. Seller will be released from liability for any deficiency amounts associated with the mortgage loan, except for the above Promissory note, if any, upon closing of the Short Sale and strict compliance with these instructions.

10. At least one business day prior to closing we must receive the following documents via fax (609) 718-2655, from the title company or closing agent, for review and approval prior to proceeds from the sale being accepted.

1) A copy of the proposed HUD-1 and/or Closing Disclosure for approval. Once approved, no changes may be made without our written approval.

2) A copy of the proposed deed from the Seller to the Buyer, which **must** include the following provision:

SS001 038 SRR MO

*"Grantee herein is prohibited from conveying captioned property for any sales price for a period of 30 days from the date of the short sale closing. After this 30 day period, Grantee is further prohibited from conveying the property for a sale price greater than $1,110,000.00 until 90 days from the date of the short sale closing. These restrictions shall run with the land and are not personal to the Grantee."*

### 11. At closing (Settlement):

1) The settlement agent must disburse all amounts as set forth on the HUD-1 and/or Closing Disclosure, including the payment to the Seller of the relocation incentive, if any, when all other amounts are disbursed.

2) A copy of the fully executed HUD-1 and/or Closing Disclosure signed by Buyer, Seller and settlement agent and certified by the settlement agent as a true copy of the original by facsimile to **(609) 718-2655 or by email at liquidations@loanadministration.com.**

### 12. Within one business day following the closing Central Loan Administration & Reporting must receive:

1) The approved Net Sales Proceeds in the form **of a wire transfer in the amount of not less than $773,388.29** wired to us using the following wiring instructions:

Bank Name:Central Loan Administration & Reporting *(Please include our loan number)*
425 Phillips Boulevard
Ewing, NJ 08618
ABA #: 231271365
Bank Account #: 2314772112738

2) If you agree with the Short Sale Terms and Conditions contained in this letter and wish to proceed with a Short Sale, the following documents must be sent to us by overnight mail to the following address:

**Liquidations Department
425 Phillips Blvd.
Ewing, NJ 08618**

i) Fully executed Short Sale Agreement (enclosed) NOTE: All owners of the property must sign this Agreement.
ii) A copy of the fully executed HUD-1 and/or Closing Disclosure signed by Buyer, Seller and settlement agent and certified by the settlement agent as a true copy of the original.
iii) Copies of the executed deed and transmittal letter from the settlement agent to the recorder, certified by the settlement agent true copies of the originals.
iv) The ORIGINAL Promissory Note, if required, signed by the Seller.
v) The ORIGINAL executed Short Sale Affidavit, fully completed.

### 13. Following closing:

Upon satisfaction of the terms and conditions of this Agreement:

**\* Release of Lien/Satisfaction** – We will prepare a release of lien/satisfaction (mortgage or deed of trust) and send it to the appropriate county office for recording. Please note that the release of lien/satisfaction will not be forwarded to the recorder until the appropriate Net Sale Proceeds are received.

**\* Tax Consequences** – Pursuant to IRS regulations applicable to discharge of indebtedness, we will file a 1099C (Cancellation of Debt) with the IRS in the amount of forgiven indebtedness if the amount forgiven is $600 or more.

SS001 038 SRR MO

**\* Credit Bureau Reporting** – We will report to the major credit reporting agencies that the mortgage loan was settled for less than the full payment. Central Loan Administration & Reporting has no control over or responsibility for the impact of this report on your credit score. To learn more about the potential impact of a Short Sale on your credit you may want to visit the Federal Trade Commission's website at https://www.consumer.ftc.gov/articles/credit-scores.

\* Loss mitigation options may have costs associated with them that you may be responsible for after completion of loss mitigation. Examples of these costs include title searches, appraisals and valuations. The costs may vary depending on the loan information, geographic area, etc. Please contact us for information on costs that may be associated with your loss mitigation evaluation.

If you have any questions, please contact us at the number provided herein. **If you have questions or concerns about the evaluation of your consideration for foreclosure alternatives, then please contact our Customer Service Department at 800-242-7178.**

<u>Mortgage Assistance Program Evaluation Summary</u>

You were evaluated for mortgage assistance programs based on the eligibility requirements of the owner of your mortgage loan. These requirements for determining your eligibility for mortgage assistance programs include determining whether you are experiencing a temporary or permanent financial hardship, and a review of your financial circumstances.

On the attached Mortgage Assistance Program Evaluation Summary, you will find the specific reasons for any program eligibility or ineligibility.

Thank you.

Enclosures:
Short Sale Agreement
Promissory Note, if applicable

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

SS001 038 SRR MO

**SHORT SALE AGREEMENT**

PLEASE READ THE ABOVE TERMS AND CONDITIONS CAREFULLY BEFORE YOU SIGN

**Seller Acknowledgement and acceptance of the above Terms and Conditions.**

In signing and returning this Short Sale Agreement, each of the undersigned agrees to all the terms and conditions set forth above.

_____        _____
Seller Signature                                             Date

_____        _____
Seller Signature                                             Date

_____        _____
Seller Signature                                             Date

Please provide a forwarding address for the Sellers:

_____

_____

_____

SS001 038 SRR MO

**Mortgage Assistance Program Evaluation Summary**

Property Address:   575 Saint Marks Ave
                    Brooklyn NY 11216

The Owner and Assignee of your loan is:  CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED
PASS-THROUGH

Program:                  SHORT SALE
Reason for Declination:
Determination:            Approved

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided   the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.
The federal agency that administers compliance with this law concerning this creditor is:

Office of the Comptroller of the Currency
Customer Assistance Group
1301 McKinney Street, Suite 3450
Houston, TX 77010-9050

SS001 038 SRR MO

A. **Settlement Statement**

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0265

---

**B. Type of Loan**

| | | | | | |
|---|---|---|---|---|---|
| 1. ☐ FHA  2. ☐ FmHA  3. ☐ Conv. Unins. | | 5. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
| 4. ☐ VA  5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| 2065 E 54 ST HOLDINGS LLC<br>1549 E 32ND STREET<br>BROOKLYN NY, 11234 | LATANYA PIERCE<br>575 SAINT MARKS AVENUE<br>BROOKLYN NY, 11216 | TBD |

| G. Property Location: | H. Settlement Agent: | |
|---|---|---|
| 575 SAINT MARKS AVENUE<br>BROOKLYN NY, 11216 | VISCARDI, BASNER & BIGELOW<br><br>Place of Settlement:<br><br>116-07 Myrtle Av, Richmond Hill NY, 11418 | I. Settlement Date:<br><br>11/30/22 |

---

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | $925,000.00 | 401. Contract sales price | $925,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $0.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes        to | | 406. City/town taxes        to | |
| 107. County taxes        to | | 407. County taxes        to | |
| 108. Assessments        to | | 408. Assessments        to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $925,000.00 | **420. Gross Amount Due To Seller** | $925,000.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | $500.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $151,611.71 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | $773,388.29 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes        to | | 510. City/town taxes        to | |
| 211. County taxes        to | | 511. County taxes        to | |
| 212. Assessments        to | | 512. Assessments        to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $500.00 | **520. Total Reduction Amount Due Seller** | $925,000.00 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | $925,000.00 | 601. Gross amount due to seller (line 420) | $925,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | ( $500.00 ) | 602. Less reductions in amt. due seller (line 520) | ( $925,000.00 ) |
| **303. Cash** ☑ From ☐ To Borrower | $924,500.00 | **603. Cash** ☐ Cash ☐ To ☐ From Seller | $0.00 |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are manadatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

## L.  Settlement Charges

| 700. Total Sales/Broker's Commission based on price $ | $925,000.00 @ | 6 % = | $55,500.00 | Paid From Borrowers Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| Division of Commission (line 700) as follows: | | | | | |
| 701. $ | $35,000.00 | to  Voro LLC | | | |
| 702. $ | $20,500.00 | to  WinZone Realty Inc | | | |
| 703. Commission paid at Settlement | | | | | $55,500.00 |
| 704. | | | | | |
| **800. Items Payable In Connection With Loan** | | | | | |
| 801. Loan Origination Fee | | | % | | |
| 802. Loan Discount | | | % | | |
| 803. Appraisal Fee | to | | | | |
| 804. Credit Report | to | | | | |
| 805. Lender's Inspection Fee | | | | | |
| 806. Mortgage Insurance Application Fee to | | | | | |
| 807. Assumption Fee | | | | | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |
| **900. Items Required By Lender To Be Paid In Advance** | | | | | |
| 901. Interest from | to | @$ | /day | | |
| 902. Mortgage Insurance Premium for | | | months to | | |
| 903. Hazard Insurance Premium for | | | years to | | |
| 904. | | | years to | | |
| 905. | | | | | |
| **1000. Reserves Deposited With Lender** | | | | | |
| 1001. Hazard insurance | months@$ | | per month | | |
| 1002. Mortgage insurance | months@$ | | per month | | |
| 1003. City property taxes | months@$ | | per month | | |
| 1004. County property taxes | months@$ | | per month | | |
| 1005. Annual assessments | months@$ | | per month | | |
| 1006. | months@$ | | per month | | |
| 1007. | months@$ | | per month | | |
| 1008. | months@$ | | per month | | |
| **1100. Title Charges** | | | | | |
| 1101. Settlement or closing fee | to | | | | $1,100.00 |
| 1102. Abstract or title search | to | | | | |
| 1103. Title examination | to | | | | |
| 1104. Title insurance binder | to | | | | |
| 1105. Document preparation | to | | | | |
| 1106. Notary fees | to | | | | |
| 1107. Attorney's fees | to  Luke Bigelow | | | | $1,500.00 |
| (includes above items numbers: | | | ) | | |
| 1108. Title insurance | to | | | | |
| (includes above items numbers: | | | ) | | |
| 1109. Lender's coverage | $ | | | | |
| 1110. Owner's coverage | $ | | | | |
| 1111. | | | | | |
| 1112. | | | | | |
| 1113. | | | | | |
| **1200. Government Recording and Transfer Charges** | | | | | |
| 1201. Recording fees: Deed $ | ; Mortgage $ | ; Releases $ | | | |
| 1202. City/county tax/stamps: Deed $ | ; Mortgage $ | | | | $12,878.75 |
| 1203. State tax/stamps: Deed $ | ; Mortgage $ | | | | $3,580.00 |
| 1204. NYC Property Taxes | | | | | $1,158.73 |
| 1205. | | | | | |
| **1300. Additional Settlement Charges** | | | | | |
| 1301. Survey | to | | | | |
| 1302. Pest inspection to | | | | | |
| 1303. NYC Water & Sewer charges | | | | | $21,634.78 |
| 1304. NYC ECB City violations | | | | | $24,200.00 |
| 1305. HPD | | | | | $30,059.45 |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | | | | $0.00 | $151,611.71 |

The Undersigned Acknowledges Receipt of this Disclosure Statement and Agrees to the Correctness Thereof.


_____                    _____


_____                    _____
Buyer or Agent                                              Seller or Agent

From: omshortsales@gmail.com
To: latanyapierce@aol.com,
Subject: Fwd: 575 St Marks Ave
Date: Wed, Nov 16, 2022 9:49 pm
Attachments: 20220616143532971.pdf (180K), 20220616143537424.pdf (25K), Print Bill - NYC CityPay _ City of New York.pdf (134K)

Case 1:12-cr-00340-VSB   Document 368   Filed 12/29/22   Page 30 of 33

lease see below

--------- Forwarded message ---------
rom: **Big Apple** <info@bigappletitle.com>
)ate: Thu, Jun 16, 2022 at 2:36 PM
ubject: Re: 575 St Marks Ave
o: carmel maseng <carmel@lehrmanmaseng.com>
c: Oscar Orrego <omshortsales@gmail.com>, Michael Lehrman <michael@lehrmanmaseng.com>, Manny Cohen
mannycrealty@gmail.com>, Big Apple <ny@bigappletitle.com>, Luke Bigelow <lbigelowesq@gmail.com>

lease see attached for your reference regarding our prior email.
'hank you,
'atiana Miller

)n Thu, Jun 16, 2022 at 2:33 PM Big Apple <info@bigappletitle.com> wrote:
Hello Many,
Please see the following issues that must be paid off and/or satisfied of record prior to closing or will be excepted in the policy:
1. Judgments (attached herein): 2 judgments on **$500,000.00** each and one on **$5,500.00**
2. Federal Tax Lien (attached herein): in the amount of **$2,420,917.64.**
3. Numerous ECBs (see attached payoffs): total payoff **$69,181.00**
4. Emergency charges:
Invoiced - Not Yet Paid
by HPD - **$3,776.46**
Paid by HPD - Not Yet
Transferred to DOF - **$26,282.99**
Total Amount: **$ 30,059.45**
5. water due **$21,634.78**

Thank you,
Tatiana Miller

On Thu, Jun 16, 2022 at 1:27 PM carmel maseng <carmel@lehrmanmaseng.com> wrote:
Let's see first if we can get a release once we have the approval.
Also please keep the property address as the subject line for the sake of ease.

Thanks

Get Outlook for iOS

**From:** Big Apple <info@bigappletitle.com>
**Sent:** Thursday, June 16, 2022 1:23:53 PM
**To:** Oscar Orrego <omshortsales@gmail.com>
**Cc:** Michael Lehrman <michael@lehrmanmaseng.com>; Manny Cohen <mannycrealty@gmail.com>; carmel maseng
<carmel@lehrmanmaseng.com>; Big Apple <ny@bigappletitle.com>; Luke Bigelow <lbigelowesq@gmail.com>
**Subject:** Re: Michael/Carmel

Hello,
We have 2 records of judgments of $500,000.00 and 1 judgment of $5,500.00. We are still looking to confirm which ones of
the ECBs are hers as well.
Manny, it's your call. The judgments must be satisfied of record or we can except them in the policy.
Thank you,

On Thu, Jun 16, 2022 at 1:11 PM Oscar Orrego <omshortsales@gmail.com> wrote:

Hello Michael,

I just confirmed with the seller that she owns properties at Marcus Gravy and Avenue J and that is the main reason why she is in an upside situation. She also stated that because it is a shortsale and she is not getting any money, the government should write a release since she has the right to sale. I included the following amounts in the HUD submitted to the lender for approval:

- Water & sewer: $**15,706.16**
- NYC ECB Violations: $ **15,807.00**
- HPD: $ **835.73**

We are expecting to receive the approval letter sometime within the next few days.

Regards.



Oscar Orrego
General Manager , OM Short Sales
Cell - (469)831-9066
Email - **omshortsales@gmail.com**
Efax - (585)612-7446

--
**Thank you,**
**Big Apple Team**



**Headquarters/Brooklyn Office**
*179 West End Avenue, Ste. 201*
*Brooklyn, NY 11235*
*P: 212-245-4145*
*F: 212-358-2549*

**Manhattan Office**

*150 Broadway, Ste. 704*
*New York, NY 10038*
*P: 212-245-4145*

*New Jersey Office*
151 W. Passaic Street, Ste 8
Rochelle Park, NJ 07662
P: 201-903-0303
F: 212-358-2549
nj@bigappletitle.com



NYC | Environmental Protection                           311 | Search all NYC.gov websites

NYC Environmental Protection

# View Water Charges

**DEP Water Charges is the fast and convenient way to view your current water and wastewater charges without having to login.**

| | |
|---|---|
| **Account** | 4000272578001 |

⇄ Choose a different account

| | |
|---|---|
| **Due balance** | $21,634.78 |
| **Past due balance** | $21,338.47 |
| **Name** | LATANYA PIERCE, |
| **Premises address** | 575 ST MARKS AV, BROOKLYN, NY 11216, USA |
| **BBL** | 3-01217-0069 |